Kevin WALSH, Plaintiff–Appellant,

v.

HAYWARD INDUSTRIAL PRODUCTS, INC., Defendant–Cross–Claimant–Appellee,

Carus Corp., Defendant–Cross–Defendant,

Hayward Pipe & Supply Co., Defendant–Cross–Claimant–Cross–Defendant.

Docket No. 00–7985.

United States Court of Appeals, Second Circuit.

March 28, 2001.

of New York, sitting by designation.

George T. Delaney, Law Offices of Tom Stickel, Bronx, NY, for appellant.

Michael S. Brown, Nicoletti, Gonson & Bielat, LLP, New York, NY, for appellee.

Present LEVAL and SACK, Circuit Judges, PATTERSON,* District Judge.

* The Honorable Robert P. Patterson, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff Kevin Walsh appeals from the district court's grant of summary judgment dismissing his products liability action. Walsh was injured when a valve burst while he was investigating a pipe stoppage at the wastewater treatment facility where he worked.

As to his claim for failure to warn, Walsh failed to produce evidence showing that the valves were dangerous as manufactured, or that a warning would have prevented his injury. *See Liriano v. Hobart Corp.*, 92 N.Y.2d 232, 237, 677 N.Y.S.2d 764, 700 N.E.2d 303 (1998); *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107–07, 463 N.Y.S.2d 398, 450 N.E.2d 204 (1983). As to his claim of implied warranty of merchantability, Walsh has not produced evidence that the valve was unfit for the ordinary purposes for which it was to be used, or that the valve was being used "in the customary, usual and reasonably foreseeable manner." *Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 258–59, 639 N.Y.S.2d 250, 662 N.E.2d 730 (1995). Finally, we reject Walsh's argument that the grant of summary judgment was premature; the district court gave Walsh ample time to take discovery.

The grant of summary judgment is hereby affirmed.